**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBIN CUSTER** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CASE NO. 4:17-cv-1338** |
| | § | |
| **CITY OF HOUSTON AND HOUSTON** | § | |
| **POLICE DEPARTMENT** | § | |
| *Defendants* | § | |

**DEFENDANTS CITY OF HOUSTON AND HOUSTON POLICE DEPARTMENT'S**
**MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

Defendants City of Houston ("the City") and Houston Police Department ("HPD") (collectively "Defendants") file this Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for Failure to State a Claim under Federal Rule 12(b)(6) as follows:

## I.      BACKGROUND AND INTRODUCTION

On Tuesday, March 5, 2015, Plaintiff's husband arrived home at their property and found that their home had been invaded and the home's exterior security cameras had been disabled. Upon review of the video security camera on her property and the one from her neighbor, Plaintiff discovered that two HPD officers had disabled Plaintiff's security cameras, that one of the officers had used his police flashlight to force front door open, that the officers had entered the home for two to three minutes before exiting the home, that one of the officers had removed Plaintiff's mail, and that the officers had left the front door of the home forced open. Plaintiff's Or. Pet., Doc. 1-4, ¶¶ 10-12. The officers never went back to speak to Plaintiff. Id., at ¶ 13.

Plaintiff subsequently filed this suit against Defendants in state court alleging federal civil rights violations and tort causes of action stemming from the March 5, 2015 incident.

On May 1, 2017, Defendants removed this action based on federal question jurisdiction. (Doc. 1).  Pursuant to Federal Rule 12(b)(6), Defendants ask the Court to dismiss Plaintiff's causes of action under 42 USC Section 1983 because Plaintiff's Petition falls well short of alleging facts entitling Plaintiff to Section 1983 relief.  Defendants requests that the Court exercise its supplemental jurisdiction under 28 USC 1367 and dismiss Plaintiff's tort causes actions under Rule 12(b)(1) because the City is immune from Plaintiff's alleged torts.

## II.    MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(1)

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss an action for lack of subject matter jurisdiction.  FED. R. CIV. PRO. 12(b)(1).  The Court must dismiss a cause of action for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case."  *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The burden of establishing subject matter jurisdiction is on the party seeking to invoke it.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts.  *Id.*

### B.    HPD is not a proper party

The Court must dismiss an action if the Court determines at any time in the proceedings that subject-matter jurisdiction is lacking.  FED. R. CIV. P. 12(h)(3).  HPD is not a proper party to

this adversary proceeding, or any lawsuit, because HPD is a subdivision of the City that was created by Code 1968, § 34-1; Houston Ordinance No. 04-1075, Section 10; and Ordinance No. 2011-108, § 7.  *See* Houston Municipal Code Article II. – POLICE DEPARTMENT, Section 34-21,

https://www.municode.com/library/tx/houston/codes/code_of_ordinances?nodeId=COOR_CH34POFIPR_ARTIIPODE_S34-21CRGEDU, attached for the Court's convenience as Exhibit A. HPD enjoys no separate legal existence, apart from the City.  *Id.*

In order for a city department to be sued, that department must "enjoy a separate legal existence."  *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (citations omitted).  HPD does not enjoy a separate legal existence from the City.  *See* Ex. A.  Because HPD is a subdivision of the City created by ordinance, HPD is not a legal entity that can be sued.  *Id.*  The City has not taken explicit steps to empower HPD with jural authority, and therefore, HPD lacks the capacity to be sued separate and apart from the City.  As such, it should be dismissed.

**C.**      **Plaintiff's tort causes of action should be dismissed because the City is immune under Texas law and, therefore, the Court lacks subject matter jurisdiction**

As a Texas home-rule city, the City enjoys governmental immunity from suit in the performance of its governmental functions unless that immunity has been waived by the Legislature in clear and unambiguous language.  *See Tooke v. City of Mexia*, 197 S.W.3d 325, 343-44 (Tex. 2006); TEX. GOV'T CODE § 311.034.  Governmental immunity deprives a trial court of subject matter jurisdiction for suits against governmental units unless the government consents to suit.  *Texas Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004).  A plaintiff bears the burden to affirmatively demonstrate a trial court's jurisdiction by alleging a valid waiver of immunity, which may be either by a reference to a statute or by express legislative permission.  *See Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

1. **The City is immune from Plaintiff's tort claims because they were not caused by a vehicle or motorized equipment**

Tort claims against governmental entities are brought under the Texas Tort Claims Act (the "TTCA"), which, in general, provides a limited waiver of immunity for (1) personal injury or property damage caused by an employee's use of a motor-driven vehicle; (2) personal injury caused by a condition or use of tangible personal property; and (3) personal injury caused by a condition or use of real property.  *See* TEX. CIV. PRAC. & REM. CODE § 101.021; *see also City of Houston v. Rushing*, 7 S.W.3d 909, 914 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  Plaintiff does not allege to have suffered personal injury;[1] she claims to have suffered property damage in the form of "disabled" security cameras and, perhaps, a door that had been "force[d]" open.  Plaintiff's Or. Pet., Doc. 1-4, at ¶¶ 10-12.

"The Texas Tort Claims Act distinctly reflects that recovery for property damage alone may arise in only one instance—when damages are proximately caused by the operation or use of motor-driven vehicles or motor-driven equipment."  *City of San Antonio v. Winkenhower*, 875 S.W.2d 388, 390 (Tex.App.—San Antonio 1994, writ denied).   Consequently, the City is immune from property damage claims not caused by a motor-driven vehicle or equipment.  *Id*; *see also Dept. of Hwys. & Public Transp. v. Pruitt*, 770 S.W.2d 638, 639 (Tex. App.-Houston [14th Dist.] 1989, no writ); *City of Hearne v. Williams*, 715 S.W.2d 375, 377 (Tex. App.-Waco 1986, writ ref'd n.r.e.).  Plaintiff does not allege to have suffered property damage as the result of a City employee's use or operation of a motor-driven vehicle or motor-driven equipment.  The City therefore remains immune.

---

[1] The second sentence of paragraph 30 of Plaintiff's Original Petition appears to be a "leftover" allegation originating from a previous lawsuit.  It begins, "The shooting death of John was a direct . . . ."  There is no plaintiff named "John" in this lawsuit and no allegation that anyone was shot as a result of the incident made the basis of this lawsuit.  Defendants assume this sentence was included in Plaintiff's Petition in error.

In addition to a specific claim under the TTCA (even if described in nebulous terms), Plaintiff separately state causes of action for "negligence and gross negligence," which include allegations of negligent hiring, negligent training, failure to screen, failure to supervise, and negligent retention.  Pl. Or. Pet., Doc. 1-4, at ¶¶ 34-40.  However, "the Tort Claims Act is the only means to sue the government for a tort." *Franka v. Velasquez*, 332 S.W.3d 367, 390 (Tex. 2011) (*citing Mission Consol. Indep. Sch. Dist*. v. Garcia, 253 S.W.3d 653, 660 (Tex. 2008)).  Therefore, all tort claims asserted against a governmental entity are brought under the TTCA.  *See id.*  Like her specific allegations under the TTCA, Plaintiff's additional negligence claims are barred by the City's governmental immunity because they do not fit in the narrow exception for property damages claims.  They were not caused by a vehicle or motorized equipment.[2]

## 2.   The City is immune because the TTCA does not waive immunity for intentional torts

Moreover, even if Plaintiff alleged personal injury (which she does not), her claim would be barred because the conduct described in her Petition is intentional and the TTCA does not waive immunity for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort. . . ."  TEX. CIV. PRAC. & REM. CODE § 101.057.  A police utilizing his flashlight is an intentional, not a negligent, act.  *See, e.g., Medrano v. City of Pearsall*, 898 S.W.2d 141 (Tex.App.-San Antonio 1999, no pet.).  Therefore, even if the TTCA waived immunity for property damage claims not caused by the vehicle of motorized equipment, the City would

---

[2] Even if Plaintiff was asserting personal injury, Plaintiff's hiring, retention, training, and similar claims would be barred under the TTCA because they do not fit within the waivers for tangible personal property or premises defect. *See, e.g., The University of Texas Health Sci. Ctr.  v. Schroeder*, 190 S.W.3d 102, 106 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (negligent supervision barred by immunity*); El Paso Mental Health & Mental Retardation Ctr. v. Crissman*, 241 S.W.3d 578, 582 (Tex.App.-El Paso 2007, no pet.) (negligent hiring, retention and supervision claims barred by immunity).

remain immune under the so-called "intentional tort exception" in the TTCA for the conduct of its officers described in Plaintiff's Original Petition.

### 3.       The City is immune from exemplary damages

Plaintiff seeks an award of punitive damages.  The City is immune from exemplary damage awards under the TTCA.  TEX. CIV. PRAC. & REM. CODE § 101.024 ("[The TTCA] does not authorize exemplary damages."); *see also City of Houston v. Johnson*, 353 S.W.3d 499, 503 (Tex.App.-Houston [14th Dist.] 2011, pet. denied) (same).

## III.       <u>MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

### A.       <u>Standard of Review</u>

In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a complaint that fails to state a claim for which relief can be granted. A complaint must contain enough facts to state a claim to relief that is plausible on its face to survive a Rule 12(b)(6) challenge.  *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 555 (2007).

In deciding a motion to dismiss, the court takes all factual allegations contained in the complaint as true and resolves any ambiguities or doubts regarding sufficiency of the claim in favor of the plaintiff.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  A plaintiff may provide a generalized statement of facts; however, there must be sufficient information to outline the elements of the claims.  *Matta v. May*, 888 F. Supp. 808, 813 (S.D. Tex. 1995) (citing *Ledesma for Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (1993)).  If a complaint does not include facts supporting "pivotal elements" of the claim, the Court may assume the nonexistence of such facts.  *Id*.

A court is generally limited to the allegations of the complaint and the documents either attached to or incorporated in the motion.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015,

1018 (5th Cir. 1996).  The complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

**B.**     **Plaintiff's claims under 42 U.S.C Section 1983 against the City should be dismissed because Plaintiff has not plead or proven a policy or custom, deliberate indifference, or moving force**

   **1.     Elements necessary for governmental liability not met**

To state a constitutional claim for relief, a plaintiff must plead a violation of a constitutional right and a violation of that right by one or more state actors under 42 U.S.C §1983 ("Section 1983").  *Johnson* v. *Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).  A state actor subject to liability under Section 1983 is a person who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. §1983.  "Acting under color of state law means misuse of power, possessed by virtue of state law, and made possible only because the wrongdoer is clothed with the authority of state law."  *Monroe v. Pape*, 365 U.S. 167 (1961) (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941), *overruled on other grounds*, *Monell v, Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978)).

The Supreme Court has held that municipalities may be liable for damages under Section 1983 only when an official policy or governmental custom of the municipality causes the deprivation or violation of the constitutional rights complained of by the Plaintiff.  *Paz v. Weir*, 137 F. Supp. 2d 782, 797 (S.D. Tex. 2001); *Monell*, 436 U.S. at 690.  To satisfy Section 1983 pleading requirements against a municipality, a plaintiff must prove three elements: "(1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom."  *Hampton Co. Nat. Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 227 (5th Cir. 2008) (quoting *Piotrowski v. City of Houston* 237 F.3d 567, 578 (5th Cir. 2001)).

Here, Plaintiff does not specify an official policy or custom that caused the alleged deprivation of her constitutional rights. Instead, she makes conclusory statements. *See* Plaintiff's Or. Pet., Doc. 1-4, ¶¶ 18-28. Without facts to support an official policy or custom that led to the alleged constitutional deprivations (which Plaintiff does not specifically allege), there is no basis for municipal liability under Section 1983. *Amir-Sharif v. Valdez*, No. 3-06-CV-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007).

**2.      No Municipal liability under Respondeat Superior**

A municipality is only held to be liable under Section 1983 if the action pursuant to an official municipal policy of some nature caused a constitutional tort. *Monell*, 436 U.S. at 691. The Supreme Court has held that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory." *Id.*, at 694. In requiring the existence of an official policy or custom before municipal liability under Section 1983 can attach, the Supreme Court "intended to distinguish acts of the *municipality* from the acts of the *employees* of the municipality, and thereby make clear that municipal liability to the action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)(emphasis in original). A municipality is only liable under Section 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009).

Here, Plaintiff has not stated any facts supporting claims of constitutional violations by the City. Instead, she provides conclusory allegations of supposed violations and/or what the City's duties are to be, including the obligation to supervise and train its officers. *See* Plaintiff's Or. Pet., Doc. 1-4, ¶¶ 22-27. However, Plaintiff does not state what the City specifically did to

violate her rights.

Plaintiff's conclusions, allegations, and conclusory statements do not state enough to avoid dismissal under a 12(b) standard.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  There is nothing in Plaintiff's recitation of the facts that would show that the City has engaged in any practice that would be the *moving force* of a deprivation of Plaintiff's constitutional rights.

### 3.    No failure to train or supervise – No deliberate indifference and moving force

To assert a failure to train or failure to supervise claim against the City, a plaintiff must show that (1) there was a policy or custom of providing inadequate training or supervision; (2) that shows the municipality's deliberate indifference; and (3) that the inadequate training or supervision was a "moving force" behind the violation of the plaintiff's rights.  *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996), citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).  Plaintiff does not, and cannot realistically, suggest that training provided by the City does not meet state requirements or that the state requirements are deficient.  Thus, she has not and cannot plead facts to support a failure to train or supervise claim.  *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010); *Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1007 (E.D. Tex. 1997).

Further, deliberate indifference in this context applies to the official policymaker.  "Deliberate indifference is more than mere negligence."  *Sanders-Burns*, 594 F.3d at 381.  Deliberate indifference, in a failure to train or supervise context, generally requires at least a pattern of similar violations arising from training or supervision that is so clearly inadequate as to be obviously likely to result in a constitutional violation.  *Burge v. St. Tammany Parish*, 336

F.3d 363, 370 (5th Cir. 2003).  Plaintiff cites no pattern of similar alleged violations.  *See* Plaintiff's Or. Pet., Doc. 1-4, ¶¶ 22-27.

The "[p]rior instances must point to the specific violation in question; 'notice of a pattern of similar violations is required.'"  *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010). A claim requires that a policy maker be charged with actual or constructive knowledge of an official policy or custom of failing to adequately train.  *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).  Plaintiff has failed to even reference or connect her claims with sufficient factual allegations of notice and failure to act.  As such, her Section 1983 claims against the City should be dismissed.

## D.    The City is immune from exemplary damages

To the extent that Plaintiff seeks punitive damages against the City under Section 1983, this claim for damages should be dismissed.   The United States Supreme Court has unequivocally ruled that municipalities are immune from punitive damage awards under Section 1983.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Green v. City of Irving, Tex.*, No. CIV A 3:09-CV-0079-D, 2009 WL 762202, at *2 (N.D. Tex. Mar. 24, 2009).

## IV.    CONCLUSION

For the reasons stated above, Defendants City of Houston and Houston Police Department pray that Plaintiff's Original Petition against them be dismissed with prejudice and for such other relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Chief, Labor Employment an Civil Rights

By: _/s/ Susana G. Sosa_____
SUSANA G. SOSA
Assistant City Attorney
Federal I.D. No. 2292237
Texas Bar No. 24083894
Phone No. (832) 393-6320
Susana.Sosa@houstontx.gov
ATTORNEY-IN-CHARGE

BRIAN A. AMIS
Senior Assistant City Attorney
Federal I.D. No. 37342
Texas Bar No. 24040424
Phone No. (832) 393-6464
brian.amis@houstontx.gov

City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002-0368
Fax (832) 393-6259

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 8, 2017, a copy of Defendants City of Houston and Houston Police Department's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) was filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties:

Brent Coon                                Matthew R. Willis
Brent Coon & Associates                   Brent Coon & Associates
300 Fannin St., Suite 200                 300 Fannin St., Suite 200
Houston, Texas 77002                      Houston, Texas 77002

Byron M. Buchanan                         Brooks Harrison
The Buchanan Law Office, P.C.             Brooks Harrison – Attorneys law Law, PLLC
2020 Southwest Freeway, Suite 222         2600 South Shore Blvd., Suite 300
Houston, Texas 77098                      League City, Texas 77573
*Via Email: Byron@thebuchananlawoffice.com*


*/s/ Susana G. Sosa*
SUSANA G. SOSA