UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBIN CUSTER | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION 4:17-cv-01338 |
| | § | |
| CITY OF HOUSTON AND HOUSTON | § | |
| POLICE DEPARTMENT | § | |
| | § | |
| *Defendants.* | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The parties conducted a telephone conference on July 25, 2017.

   Attorney for Plaintiff was Matthew R. Willis.

   Attorney for Defendants were Susana G. Sosa and Brian A. Amis.

2. List the cases related to this one that are pending in any state or federal court with the case number and court,

   None.

3. Briefly describe what the case is about.

   **Plaintiff's response:** On March 5, 2015, two officers went to Plaintiff's home outside the city limits of Houston. One of the two officers was in an official HPD uniform. The two officers were not aware that their actions were being recorded from a neighbor's security cameras. After arriving, the two officers surveyed Plaintiff's home. Then, they walked around the home and disabled each of Plaintiff's security cameras. The uniformed HPD officer then proceeded to force open the door to Plaintiff's home. Both officers stayed in the home for several minutes. Upon exiting, the uniformed officer removed mail from Plaintiff's mailbox. After a period, the officers drove away,

1

leaving the door to Plaintiff's home wide open and not leaving any type of notice that law officers had been at the home.

**Defendants' response:** Plaintiff brought this civil action complaint under 42 U.S.C. §1983 seeking alleged damages for deprivation of her Fourth and Fourteenth Amendment civil rights related to HPD officers' disabling of her home's exterior security cameras, an officer entering her home for a few minutes after forcing entry with a police flashlight, the removal of her mail, and for leaving the front door of her home forced open.  Plaintiff also alleges that Defendants violated her constitutional rights for failing to supervise and train the police officers, for overlooking and covering up officer misconduct, and for maintaining customs and practices of not disciplining police officers' actions.  Plaintiff also alleges state the law claims.  Defendants deny any liability based on governmental immunity.  *See* Dkt. 2.  Defendants also deny that Plaintiff's civil rights were violated.  *Id.*

4. Specify the allegation of federal jurisdiction.

   The Court has subject matter jurisdiction under 28 U.S.C. §1331, because Plaintiff asserts causes of action arising under 42 U.S.C. §1983.

5. Name the parties who disagree and the reasons.

   None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **Plaintiff's response:** The only potential parties known to Plaintiff would be the two officers involved.

   **Defendants' response:** None known at this time.

7. List anticipated interventions.

   None.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

   The parties have not made initial disclosures.  The parties have agreed to provide initial disclosures by September 1, 2017.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f)

    At this time, the parties are not aware of any necessary limitations to the discovery process.

    B. When and to whom the Plaintiff anticipates it may send interrogatories.

    Plaintiff will send interrogatories to both Defendants within 60 days.

    C. When and to whom the Defendants anticipate they may send interrogatories.

    Defendants anticipate serving interrogatories on Plaintiff at least 30 days prior to the discovery deadline ordered by the Court.

    D. Of whom and by when the Plaintiff anticipates taking oral depositions.

    Plaintiff will likely depose the two officers involved, the HPD chief of police, Mayor Sylvester Turner, and any experts retained by the Defendants. Plaintiff believes the depositions of the fact witnesses can be completed in 120 days. The deposition of any experts will be completed within 30 days after expert reports are provided.

    E. Of whom and by when the Defendant anticipates taking oral depositions.

    Defendants anticipate taking the oral deposition of Plaintiff and other fact witnesses who may be identified in the course of discovery. Defendants may also depose any expert designated by Plaintiff. Defendants anticipate taking these depositions before the close of discovery.

    F. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    Plaintiff will designate by January 8, 2018.

    Defendants will designate by February 12, 2018.

    G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

>> Plaintiff will depose all experts designated by Defendants no later than 30 days after they are designated.

> H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
>
> Defendants anticipate taking depositions of Plaintiff's expert witnesses no later than 30 days before the end of discovery, as set out in the Court's scheduling order.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    None at this time.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    April 2, 2018.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **Plaintiff's response:** Plaintiffs do not believe Defendants are interested in a prompt settlement.

    **Defendants' response:** At this juncture, Defendants are not able to genuinely discuss settlement of this matter in light of the pending Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) [Dkt. 2].

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Plaintiff's response:** Plaintiff's attorney made it clear to the city of Houston at the time the lawsuit was filed that Plaintiff was ready to discuss a prompt resolution. No one with the city of Houston has ever responded.

    **Defendants' response:** The parties are not able to genuinely discuss settlement of this matter in light of the pending Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) [Dkt.2].

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Plaintiff's response:**  Plaintiff believes any traditional ADR would be beneficial. Plaintiff also believes that an ADR would be most likely to succeed if conducted early in the litigation.

**Defendants' response:**  At this juncture, no alternative dispute resolution technique would be suitable pending the resolution of Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) [Dkt.2].  The parties may be amendable to mediation if, after the completion of discovery, it appears that mediation would assist in bringing about a mutually acceptable resolution.

17. Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

    The parties agree to jury trial before a magistrate.

18. State whether a jury demand has been made and if it was made on time.

    Plaintiff made a proper and timely jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties will be able to present the evidence in this case in no more than three days of trial.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6) [Dkt.2].

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None at this time.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    <u>Attorneys for Plaintiff:</u>
    | | |
    |---|---|
    | Matthew R. Willis | TB# 21648600 |
    | Brent Coon | TB# 04769750 |
    | Byron Buchanan | TB# 00796268 |
    | Brooks Harrison | TB# 24046033 |

Attorneys for Defendants:
Susana G. Sosa			TB# 24083894
Brian A. Amis			TB# 24040424

        Respectfully submitted,

        **BRENT COON & ASSOCIATES**

        By: */s/Matthew R. Willis*
           BRENT W. COON
           Texas Bar No. 04769750
           MATTHEW R. WILLIS
           Texas Bar No. 21648600
           300 Fannin, Suite 200
           Houston, Texas 77002
           matt.willis@bcoonlaw.com
           (713) 225-1682 – Telephone
           (713) 2251785– Facsimile

        **THE BUCHANAN LAW OFFICE, P.C**

        By: */s/Byron M. Buchanan*
        BYRON M. BUCHANAN
        Texas Bar No. 00796268
        2020 Southwest Freeway, Suite 222
        Houston, Texas 77098
        byron@thebuchananlawoffice.com
        (713) 936-0783 – Telephone
        (832) 203-8286 – Facsimile

        **BROOKS HARRISON - ATTORNEYS AT LAW, PLLC**

        By: */s/ Brooks Harrison*
        BROOKS HARRISON
        Texas Bar No. 24046033
        6427 Fairmont Parkway, Suite 101
        Pasadena, Texas 77505
        brooks@brooksharrison.com
        (877) 402-6658 – Telephone
        (888) 418-1280 – Facsimile

        **ATTORNEYS FOR PLAINTIFF**

**AND**

RONALD C. LEWIS
City Attorney

DONALD J. FLEMING
Chief, Labor Employment and Civil Rights

By: */s/ Susana G. Sosa*
SUSANA G. SOSA
Assistant City Attorney
Federal I.D. No. 2292237
Texas Bar No. 24083894
Phone No. (832) 393-6320
Susana.Sosa@houstontx.gov
ATTORNEY-IN-CHARGE

BRIAN A. AMIS
Senior Assistant City Attorney
Federal I.D. No. 37342
Texas Bar No. 24040424
Phone No. (832) 393-6464
Brian.amis@houstontx.gov

City of Houston Legal Department
P.O. Box 368
Houston, Texas 77002-0368
Fax: (832) 393-6259

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

　　　I certify that on July 28 2017, a copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties:

Brent Coon
Brent Coon & Associates
300 Fannin St., Suite 200
Houston, Texas 77002

Matthew R. Willis
Brent Coon & Associates
300 Fannin St., Suite 200
Houston, Texas 77002

Byron M. Buchanan
The Buchanan Law Office, P.C.
2020 Southwest Freeway, Suite 222
Houston, Texas 77098

Brooks Harrison
Brooks Harrison – Attorneys law Law, PLLC
2600 South Shore Blvd., Suite 300
League City, Texas 77573

　　　*/s/ Susana G. Sosa*
　　　SUSANA G. SOSA