Case 4:17-cv-01338   Document 13   Filed in TXSD on 11/15/17   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBIN CUSTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1338 |
| | § | |
| HOUSTON POLICE DEPARTMENT and | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION

Pending before the court[1] is Defendants City of Houston ("Defendant City") and Houston Police Department's ("HPD") (collectively, Defendants") Motion to Dismiss (Doc. 2). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

### I.  Case Background

Plaintiff filed this action alleging violations of 42 U.S.C. § ("Section") 1983, the Texas Tort Claims Act, and state law claims of negligence and gross negligence.[2] On May 1, 2017, Defendants removed this case from the 269th District Court of Harris County, Texas.[3] Defendants filed the pending motion to dismiss on May 8,

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 7, Ord. Dated May 31, 2017.

[2] See Doc. 1-4, Ex. D to Defs.' Not. of Removal, Pl.'s Orig. Pet.

[3] See Doc. 1, Defs.' Not. of Removal.

2017.[4] and Plaintiff has not filed a response. The following factual account is derived from Plaintiff's live complaint.

On March 5, 2015, two HPD officers drove into Plaintiff's driveway while Plaintiff and her husband Ricky Custer ("Mr. Custer") were not home.[5] The officers walked around the exterior of Plaintiff's home and disabled the home's security cameras.[6] One of the officers used his flashlight to break open the front door, and the officers entered Plaintiff's home.[7] After they exited the home, leaving the front door open, the officers took the mail out of Plaintiff's mailbox.[8] The officers then re-entered their vehicle and parked it down the street from Plaintiff's house.[9]

Mr. Custer came home to find his house had been entered and the security cameras disabled.[10] After Mr. Custer called Plaintiff, she came home from work and reviewed the footage on their security cameras.[11] Plaintiff's neighbor also had footage of the incident

---

[4] See Doc. 2, Defs.' Mot. to Dismiss.

[5] See Doc. 1-4, Ex. D to Defs.' Not. of Removal, Pl.'s Orig. Pet. p. 3.

[6] See id.

[7] See id.

[8] See id.

[9] See id.

[10] See id. p. 2.

[11] See id.

captured on his camera.[12]

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. Sullivan v. Leor Energy, LLC, 600 F.3d 542, 546 (5th Cir. 2010).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

## III. Analysis

---

[12] See id.

Defendants contend that HPD is an improper party to this suit, and that the claims under the TTCA and Section 1983 against the City should be dismissed.  Additionally, the City argues that exemplary damages are not available for these claims.

### A. **Houston Police Department**

Plaintiff has sued both the HPD and the City; Defendants contend that HPD was improperly sued as it has no legal existence separate from the City.

Rule 17(b) mandates that an entity's ability to be sued "is determined . . . by the law of the state in which the district court is held."  Fed. R. Civ. P. 17(b); Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991).  Houston is a home-rule city.  See, e.g., Houston Ass'n of Alcoholic Beverage Permit Holders v. City of Houston, 508 F. Supp.2d 576, 583 (S.D. Tex. 2007).  The Texas Local Government Code gives home-rule municipalities the power to create a police department. Tex. Local Gov. Code § 341.003; Darby, 939 F.2d at 313.  The City of Houston's charter gives the City the power to "sue and be sued," but does not give the HPD the power to be sued.  See Houston, Tex., Charter, Art. II, § 1 (1905).

"In order for a plaintiff to sue a city department it must enjoy a separate legal existence."  Darby, 939 F.2d at 313 (citations and internal quotations omitted).  Political subdivisions must be "separate and distinct corporate entit[ies]"

in order to sue or be sued.  Id.  Therefore, the Fifth Circuit has said that "our cases uniformly show that unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."  Id. (citations omitted).

Because HPD is not a separate legal entity from the City, and does not have the power to sue or be sued, HPD is dismissed from this action.

**B.   Texas Tort Claims Act**

As a municipality, the City is entitled to the protection of governmental immunity.  Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 n.2 (Tex. 2008) (stating that municipalities are protected by governmental immunity); see also Tex. Civ. Prac. & Rem. Code § 101.001(3)(B).  Texas governmental units enjoy immunity from claims unless Texas has consented to allowing suit.  Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004).

Texas waives immunity for a limited number of situations as described in the TTCA.  Garcia, 253 S.W.3d at 655; see also Tex. Civ. Prac. & Rem. Code §§ 101.021-101.025.  Generally, the TTCA waives immunity for property damage, personal injury, and death caused by wrongful acts of employees if arising from the use of a motor-driven vehicle or from a condition or use of tangible personal or real property.  See Tex. Civ. Prac. & Rem. Code §

101.021.

In her complaint, Plaintiff makes claims under the TTCA and separately makes claims for negligence and gross negligence. "Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act].'" Garcia, 253 S.W.3d at 659; see also Franka v. Velasquez, 332 S.W.3d 367, 390 (Tex. 2011)("the Tort Claims act is the only means to sue the government for a tort."). Therefore, Plaintiff's claims for negligence and gross negligence must be considered brought under the TTCA because Plaintiff made these claims against a governmental unit.

The court agrees with Defendants that Plaintiff does not allege personal injury in this case,[13] but alleges that she suffered property damage as the officers disabled her cameras and forced her front door open with their flashlight. However, "[t]he Texas Tort Claims Act distinctly reflects that recovery for property damage alone may arise in only one instance–when damages are proximately caused by the operation or use of motor-driven vehicles or motor-

---

[13] The court also takes note of the error pointed out by Defendants in Plaintiff's complaint. See Doc. 2, Defs.' Mot. to Dismiss p. 4. In Plaintiff's complaint, there is a sentence stating "[t]he shooting death of John was a direct and proximate result of the negligence of these two HPD officers." Doc. 1-4, Ex. D to Defs.' Not. of Removal, Pl.'s Orig. Pet. p. 11. The court agrees that this sentence appears to be an error as there are no factual allegations about anyone named John or any shooting by HPD officers.

driven equipment." City of San Antonio v. Winkenhower, 875 S.W.2d 388, 390 (Tex. App.–San Antonio 1994, writ denied). There is no allegation that a motor vehicle or motor-driven equipment caused damage to Plaintiff's property; any negligence claims Plaintiff brings against the City must be dismissed.

Additionally, to the extent that Plaintiff attempts to bring any claims for intentional torts, these claims must also be dismissed. Claims "arising out of assault, battery, false imprisonment, or any other intentional tort" are excepted from the general waiver under the TTCA. Tex. Civ. Prac. & Rem. Code § 101.057.

## C. **Section 1983**

A plaintiff can establish a prima-facie case under Section 1983[14] for the deprivation of civil rights by establishing: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by an individual acting under the color of state law. Doe v. Rains Cty. Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). The statute creates no substantive rights but only provides remedies for deprivations of rights

---

[14] The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

7

created under federal law.  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

    **1.  Respondeat Superior**

A city may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability. <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011).  The Supreme Court has also recognized that the rejection of respondeat superior means that "a municipality cannot be held liable *solely* because it employs a tortfeasor," but only for its own wrongs.  <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 691 (1978)(emphasis in original).

In her complaint, Plaintiff alleges that the City is liable for constitutional torts committed by the officers.  However, the City may only be held liable for its own customs or policies, not under a theory of respondeat superior.  Therefore, to the extent that Plaintiff attempts to hold the City vicariously liable for the acts of its officers under Section 1983, those claims must be dismissed.

    **2.  Policy or Custom**

To succeed on a claim under Section 1983, the plaintiff must demonstrate that the City "had some inadequate custom or policy that acted as the moving force behind a constitutional violation." <u>Forgan v. Howard Cty., Tex.</u>, 494 F.3d 518, 522 (5th Cir. 2007) (citing <u>Monell</u>, 436 U.S. at 690-91); see also <u>Connick</u>, 563 U.S. at

60-61. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61.

This court has found that at the motion to dismiss stage, a plaintiff "need not specifically state what the policy is . . . but may be more general." Thomas v. City of Galveston, Texas, 800 F. Supp. 2d 826, 843 (S.D. Tex. 2011). A plaintiff must still "provide fair notice to the defendant, and this requires more than generically restating the elements of municipal liability." Id. Such allegations could include "past incidents of misconduct to others, multiple harms that occurred to the plaintiff, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy." Id. (citing cases).

Courts have recognized that, under limited circumstances, the failure to train or to supervise its employees may give rise to local-government liability under Section 1983. See id.; Zarnow v. City of Wichita Falls, Texas, 614 F.3d 161, 169, 170 (5th Cir. 2010). In failure-to-train cases, a plaintiff must prove the inadequacy of the procedures, the policymaker's deliberate indifference, and causation. Zarnow, 614 F.3d at 170.

A local government can be held liable only when its failure to train or to supervise amounted to deliberate indifference to the

9

constitutional rights of its citizens. Connick, 563 U.S. at 61 (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). In order to show deliberate indifference by the municipality, a plaintiff must generally show a pattern of similar constitutional violations by untrained employees. Connick, 563 U.S. at 62. Where the question is not whether the officers received any training in the constitutional requirements, but whether the officers received adequate training, the plaintiff cannot rely on proof that additional training would have created a better officer or would have reduced the likelihood of a constitutional violation but must prove that the "officers were so untrained as to be unaware" of constitutional limitations. Pineda v. City of Houston, 291 F.3d 325, 333 (5th Cir. 2002); see also Harris, 489 U.S. at 391. The Supreme Court has cautioned, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61.

Plaintiff alleges that the City is liable "for failing to supervise and train its police officers, and for overlooking and covering up officer misconduct . . . [the City] had a general policy, pattern and/or practice of not disciplining police officers for their conduct . . . which amounted to a departmental policy of overlooking constitutional violations."[15] Additionally, Plaintiff

---

[15] Doc. 1-4, Doc. 1-4, Ex. D to Defs.' Not. of Removal, Pl.'s Orig. Pet. p. 8.

alleges that the City failed to train and supervise officers "on the Fourth Amendment requirements that officers entering a person's home to conduct a search have a warrant based on probable cause, that warrantless searches inside a home are *per se* unreasonable and, therefore, unconstitutional, and what and when the few specifically established exceptions to this general rule exist . . . [the City] fail[ed] to adequately train its HPD officers . . . regarding the availability of alternative means of investigation other than illegal, warrantless searches and destruction of property."[16]

The court finds that Plaintiff's allegation that the City had a policy of overlooking constitutional violations fails to put the City on notice of the alleged training deficiency and how the City had been placed on notice of the training deficiency such that it amounted to deliberate indifference. However, the court finds that Plaintiff's allegation that the City failed to train its officers on the Fourth Amendment's warrant requirement is specific and is factually related to the allegations in this case.

### 3. Exemplary Damages

The City argues it is immune from punitive damages under Section 1983. The court agrees. In <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981), the Supreme Court held that "a municipality is immune from punitive damages under 42

---

[16] <u>Id.</u> at 9-10.

U.S.C. § 1983." Therefore, Plaintiff may not seek punitive damages against the City for its Section 1983 claim.

### IV. Conclusion

Based on the foregoing, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. HPD is **DISMISSED** from this action. Plaintiff's claims against the City under the TTCA and for negligence and gross negligence are **DISMISSED**. Plaintiff's Section 1983 claim for failure to train based on the alleged City policy of overlooking constitutional violations is **DISMISSED** for failure to state a claim upon which relief can be granted. The only remaining claim is Plaintiff's failure to train claim based on the City's failure to train on the Fourth Amendment's warrant requirement.

**SIGNED** in Houston, Texas, this 15th day of November, 2017.

_____
U.S. MAGISTRATE JUDGE