United States District Court
Southern District of Texas
**ENTERED**
May 30, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBIN CUSTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-17-1338 |
| § | |
| CITY OF HOUSTON, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION**

Pending before the court[1] is Defendant City of Houston's ("Defendant City") Motion for Summary Judgment (Doc 38). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant City's motion.

### I. Case Background

Plaintiff filed this civil rights action alleging a Constitutional violation as a result of Defendant City's failure to train its police officers regarding their Fourth Amendment obligations.[2]

### A. Factual Background[3]

On March 5, 2015, two HPD officers drove into Plaintiff's

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 7, Ord. Dated May 31, 2017.

[2] See Doc. 1-4, Ex. D to Def.'s Not. of Removal, Pl.'s Orig. Pet.

[3] As Plaintiff presented no evidence regarding the factual background of the case, the court relies, for context only, on the facts set forth in Plaintiff's original state court petition.

driveway while Plaintiff and her husband Ricky Custer ("Mr. Custer") were not home.[4] The officers walked around the exterior of Plaintiff's home and disabled the home's security cameras.[5] One of the officers used his flashlight to break open the front door, and the officers entered Plaintiff's home.[6] After they exited the home, leaving the front door open, the officers took the mail out of Plaintiff's mailbox.[7] The officers then re-entered their vehicle and parked it down the street from Plaintiff's house.[8]

Mr. Custer came home to find his house had been entered and the security cameras disabled.[9] After Mr. Custer called Plaintiff, she came home from work and reviewed the footage on their security cameras.[10] Plaintiff's neighbor also had footage of the incident captured on his camera.[11]

## B. Procedural Background

Plaintiff filed this action alleging violations of 42 U.S.C. § 1983 ("Section 1983"), the Texas Torts Claims Act, and state law

---

[4] See Doc. 1-4, Ex. D to Defs.' Not. of Removal, Pl.'s Orig. State Pet. pp. 2-3.

[5] See id.

[6] See id.

[7] See id.

[8] See id.

[9] See id.

[10] See id.

[11] See id.

claims of negligence and gross negligence.[12] After reviewing Defendant City's motion to dismiss, the court dismissed all claims except for Plaintiff's Section 1983 claim regarding Defendant City's failure to train its police officers on their Fourth Amendment responsibilities.[13]

## II. Legal Standards

Disposition of Plaintiff's case at this stage involves review of both procedural and substantive legal standards.

### A. Summary Judgment

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Stauffer v. Gearhart, 741 F.3d 574, 581 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. See Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013)(quoting Anderson, 477 U.S. at

---

[12]    See id. pp. 12-13.

[13]    See Doc. 13, Mem. Op. Dated Nov. 15, 2017.

248).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must respond with evidence showing a genuine factual dispute. Stauffer, 741 F.3d at 581 (citing Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)). The court must accept all of the nonmovant's evidence as true and draw all justifiable inferences in her favor. Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 505 (5th Cir. 2014)(quoting Anderson, 477 U.S. at 255).

## B. **Section 1983**

In order to prevail on a claim under Section 1983,[14] a plaintiff must establish that the defendant deprived the plaintiff of her constitutional rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). The

---

[14] The provision reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

statute creates no substantive rights but only provides remedies for deprivations of rights created under federal law. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

A city may be held liable under Section 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability. Connick v. Thompson, 563 U.S. 51, 60 (2011). To succeed on a claim under Section 1983, the plaintiff must demonstrate that the city "had some inadequate custom or policy that acted as the moving force behind a constitutional violation." Forgan v. Howard Cty., Tex., 494 F.3d 518, 522 (5th Cir. 2007) (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978)); see also Connick, 563 U.S. at 61. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 563 U.S. at 61.

Courts have recognized that, under limited circumstances, the failure to train or to supervise its employees may give rise to local-government liability under Section 1983. See id.; Zarnow v. City of Wichita Falls, Texas, 614 F.3d 161, 169, 170 (5th Cir. 2010). In failure-to-train cases, a plaintiff must prove: "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." Zarnow, 614 F.3d at

5

170. When a plaintiff is unable to show a pattern of constitutional violations, she might establish deliberate indifference by "showing a single incident with proof of the possibility of recurring situations that present an obvious potential for violation of constitutional rights." Burge v. Tammany Parish, 336 F.3d 363, 373 (5th Cir. 2003). The exception should apply "only where the facts . . . are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." Id. The Supreme Court has cautioned, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61.

### III. Analysis

In its motion for summary judgment,[15] Defendant City argues that Plaintiff has provided no evidence of a failure-to-train policy or custom, or evidence of causation to Plaintiff's injury.[16] Defendant City also argues that Plaintiff has failed to produce any evidence of deliberate indifference or facts warranting application of the single-incident exception to policy or custom liability

---

[15] The court **OVERRULES** Plaintiff's hearsay objection to a portion of Defendant City's evidence as **MOOT** because the court does not rely on that evidence in reaching its conclusion.

[16] See Doc. 38, Def.'s Mot. for Summ. J. p. 7.

under Connick.[17]

In response to Defendant City's motion for summary judgment, Plaintiff attempts to raise an issue by setting up a factual dispute over whether or not the officers entered Plaintiff's residence and conducted a search.[18]  However, Plaintiff's argument misses the point; while this singular incident is relevant, it does not raise an issue of material fact because it is not evidence of a fact "critical to the outcome of the suit;" it is not evidence of an "official municipality policy" or "practices so persistent and widespread as to practically have the force of law" as required in order to hold Defendant City liable under Section 1983.  Connick, 563 U.S. at 61.

Likewise, this incident is not a "decision of government lawmakers" or an act of "policymaking officials." Id.  Plaintiff's alleged factual dispute is also not genuine because the evidence, or lack thereof, is insufficient to lead a reasonable jury to resolve the issue in favor of either party, and therefore, Plaintiff does not raise a genuine issue of material fact on her failure to train claim.  There must be evidence of failure to train on Fourth Amendment parameters, but there is no evidence before the court on this point.

Also, there is no summary judgment evidence in the record that

---

[17]   See id. at 8.

[18]   See Doc. 47, Pl.'s Opp'n in Resp. to Def.'s Mot. for Summ. J. & Objection to Def.'s Mot. for Summ. J. Evidence p. 2.

Defendant City had a policy that caused the alleged Fourth Amendment violation. Because the court finds that there is no causal evidence in the record, the court need not consider whether Plaintiff has raised a fact issue regarding deliberate indifference. Moreover, the facts of this case do not warrant application of the single-incident exception.[19]

Additionally, Plaintiff has not identified inadequacies in Defendant City's actual training procedures, and instead relies solely on the affidavit and expert report of W. Lloyd Grafton.[20] Even Plaintiff's expert falls short of providing any evidence that Defendant City improperly trained its officers or that this failure was "the moving force behind a constitutional violation;" See Forgan, 494 F.3d at 522. Grafton speculates, "[t]he two law enforcement officers . . . had no knowledge concerning the Fourth Amendment or they simply chose to ignore it. My opinion is that they chose to ignore it."[21] Thus, even when considering Plaintiff's expert's opinion as true, Plaintiff still has not produced any evidence of a custom or practice regarding Defendant City's failure to train or inadequately training its officers. In fact, the expert states just the opposite - that he believes the officers

---

[19] The court notes that Officer Massey was trained on appropriate search and seizure protocol. See Ex. C to Def.'s Mot. for Summ. J., TCOLE Report on Officer Massey, pp. 3, 5, & 9.

[20] See Doc. 47, Pl.'s Opp'n in Resp. to Def.'s Mot. for Summ. J. & Objection to Def.'s Mot. for Summ. J. Evidence p. 2.

[21] Doc. 48-1, Ex. 1 to Pl.'s Resp. to Def.'s Mot. for Summ. J., Attach. A to Grafton Aff., Grafton Report p. 6.

chose to ignore their Fourth Amendment training. Therefore, Plaintiff's evidence fails to raise a genuine issue of material fact, and Defendant City is entitled to judgment as a matter of law.

## IV. Conclusion

Based on the foregoing, the court **GRANTS** Defendant City's motion for summary judgment.

**SIGNED** in Houston, Texas, this 30th day of May, 2019.

Nancy K. Johnson
United States Magistrate Judge